```
         IN THE UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF ARKANSAS
                 PINE BLUFF DIVISION


WILLIE TILLMAN, JR.
ADC # 131098                                        PETITIONER

vs.              Civil Case No. 5:10CV00132 SWW-JTK

RAY HOBBS, Director,
Arkansas Department of Correction                   RESPONDENT
```

## **PROPOSED FINDINGS AND RECOMMENDATION**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the

following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### **DISPOSITION**

Willie Tillman, an inmate of the Arkansas Department of Correction, seeks a writ of habeas corpus under 28 U.S.C. § 2254. On June 3, 2004, a jury convicted Petitioner of first degree murder. The Lonoke County Circuit Court imposed a sentence of life imprisonment (DE #6-3). The Arkansas Supreme Court affirmed the conviction. Tillman v. State, 364 Ark. 143, 217 S.W.3d 773 (2005). Petitioner filed a Rule 37 petition, which the trial court denied as untimely on July 28, 2009 (DE #6-6). Petitioner timely appealed

the denial, but he did not render the record to the Arkansas Supreme Court within ninety (90) days of the date of the notice of appeal; therefore, he filed a motion seeking leave of the court to file a belated record. The court treated the motion as a motion for rule on clerk, and denied the appeal. Tillman v. State, 2010 Ark. 103, 2010 WL 682271.

In the present proceedings, Petitioner raises several grounds for review, namely that:

(1) Trial counsel was ineffective and coerced him to acknowledge some involvement in the crime in order to avoid the death penalty and to assure a favorable plea bargain with the prosecutor for second degree murder;

(2) Trial counsel was ineffective because Petitioner was actually innocent, and counsel failed to make the appropriate insufficiency of the evidence argument in his directed-verdict motions at trial to adequately preserve the argument for appellate review;

(3) Trial Counsel was ineffective for enticing, threatening and coercing him into making incriminating statements to the court that showed him guilty of first degree murder; and

(4) He was denied his right to file a petition for post-conviction relief by the trial court clerk despite having timely mailed his petition.

(DE #2, at 4-5) Respondent admits Petitioner is currently in his custody, but contends the petition should be dismissed because it is untimely and because the claims are procedurally barred.

28 U.S.C. section 2244(d)(1) establishes a one-year limitations period for filing federal habeas corpus petitions under 28 U.S.C. § 2254. The relevant triggering date in the present case is "the date on which the judgment became final by conclusion of

direct review or the expiration fo the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The term "direct review" refers to the direct appeal process and includes review by the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). Thus, a state court judgment becomes final under § 2244 (d)(1)(A) upon the denial of certiorari or the expiration of the ninety days allowed for filing such a petition. Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc).

Petitioner's conviction became final ninety days after the Arkansas Supreme Court issued its opinion on November 17, 2005. Thus the statute of limitations for habeas purposes began to run on February 15, 2006, and ended one year later on February 15, 2007. Petitioner filed the instant petition on May 10, 2010; thus the petition is untimely.

Furthermore, Petitioner has not shown entitlement to statutory tolling. A court may apply equitable tolling to a limitations period where a petitioner has established "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418. "[E]quitable tolling is appropriate only in rare cases," Von Eye v. United States, 92 F.3d 681, 684 (8th Cir. 1996), and "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. New Jersey State Dep't of

4

Corr., 145 F.3d 616, 618 (3rd Cir. 1998). Ineffective assistance of counsel ordinarily does not entitle a petitioner to equitable tolling, Walker v. Norris, 436 F.3d 1026 (8th Cir. 2006), although egregious attorney conduct may. See United States v. Martin, 408 F.3d 1089, 1093-95 (8th Cir. 2005)(finding counsel's conduct egregious where he advised petitioner there was no deadline, consistently lied about the filing deadline; repeatedly lied about the status of his case; refused to communicate with him or his family; neglected to file any documents, belated or not, on his behalf and failed to return any of his paperwork to him despite repeated requests and demands). Petitioner has not alleged such egregious circumstances. Additionally, the actual innocence argument made by Petitioner is couched in an ineffective assistance argument claim and does not provide grounds for tolling. Finally, Petitioner's allegation that the circuit court clerk prevented the timely filing of his post-conviction application is conclusory at best and unsupported by any facts. Nor does it provide grounds for equitable tolling.[1]

---

[1] Petitioner filed a motion for production of documents (DE #9) seeking monthly resident activity statements and copies of his motion for belated appeal and denial of same. A habeas petitioner is not entitled to discovery as a matter of course. See Harris v. Nelson, 394 U.S. 286, 295 (1969). Pursuant to Rule 6 of the Rules Governing Section 2254 Cases, a judge may, for good cause, authorize discovery. Petitioner did not show such good cause. He claims the activity statements will show that he timely filed his Rule 37 petition. (DE #11) However, when a state court determines a filing is untimely, that is the "end of the matter." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)

The Court hereby finds that the petition is untimely and may not be considered. There is no need to address Respondent's argument that the issues in the petition are procedurally barred.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for his denied.

SO ORDERED this 25th day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

---

(quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). The law is clear that an untimely state post-conviction application is not "properly filed" for tolling purposes. Allen v. Siebert, 552 U.S. 3, 5-7 (2007); Pace v. DiGuglielmo, 544 U.S. at 414, 417. Further, Petitioner received a copy of the Arkansas Supreme Court's Opinion, denying his motion when Respondent filed his answer. According to the opinion, Petitioner sought leave to lodge the record belatedly, which the court treated as a motion for rule on clerk. Providing Petitioner a copy of this motion would not evidence his entitlement to relief; therefore, he has failed to show "good cause."